Joseph E. Addiego III (CA SBN 169522)
Frederick A. Haist (CA SBN 211322)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111
Telephone:   (415) 276-6500
Facsimile:   (415) 276-6599
Email:   joeaddiego@dwt.com
         frederickhaist@dwt.com

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Veronica Gonzales,<br><br>            Plaintiff,<br><br>     v.<br><br>JPMorgan Chase Bank, N.A. *et al.*,<br><br>            Defendants. | Case No. 3:20-cv-05494<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332 and 1441**<br><br>(Marin County Superior Court Case No. CIV 2001401)<br><br>Complaint Filed June 19, 2020 |

NOTICE OF REMOVAL

Case No. 3:20-cv-05494

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

Defendant JPMorgan Chase Bank, N.A. (Chase), hereby removes the above-captioned case under 28 U.S.C. §§ 1332, 1441(a), and 1446, originally filed in the Superior Court of the State of California, County of Marin, case number 2001401, to the United States District Court for the Northern District of California.[1]

1. On June 19, 2020, Plaintiff Veronica Gonzales filed a Complaint in the Superior Court of California for Marin County. Ms. Gonzales has not properly served Chase. On July 9, 2020, Ms. Gonzales mailed the Summons and Complaint, a Notice of Acknowledgment, and a motion to consolidate case number CIV2001401 with an unlawful detainer action, case number CIV1901923, captioned *JPMorgan Chase Bank, N.A., its assignees and/or successors, Plaintiff v. Veronica Gonzales and Does 1-10, inclusive*, *Defendants*, to Chase's agent for service of process, which the agent received on July 13, 2020. A true and correct copy of the Complaint is attached to this Notice of Removal as part of the State Court's file as **Exhibit A**.

2. This Notice of Removal is therefore timely filed within the 30-day time period set forth in 28 U.S.C. § 1446(b).

3. To Chase's knowledge, Plaintiff has only attempted to serve Chase in this matter. Chase is not aware of the existence or service of any other defendant. Because Ms. Gonzales has not served the other defendants they do not need to consent to removal. *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1193 (9th Cir. Cal. 1988) ("Ordinarily, under 28 U.S.C. § 1446(a), all defendants in a state action must join in the petition for removal, except for nominal, unknown or fraudulently joined parties. This general rule applies, however, only to defendants properly joined and served in the action") (citations omitted).

4. Removal jurisdiction is proper based on diversity of citizenship, as set forth below. 28 U.S.C. §§ 1331 and 1332.

---

[1] Chase preserves all Rule 12(h) objections. S*ee* Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1395 (3d ed. 2004) (quoting *Greenberg v. Giannini*, 140 F.2d 550, 553 (2d Cir. 1944)) ("When a defendant removes an action from a state court in which he has been sued, he consents to nothing and 'waives' nothing; he is exercising a privilege unconditionally conferred by statute, and, since the district court to which he must remove it is fixed by law, he has no choice, without which there can be no 'waiver.'").

DAVIS WRIGHT TREMAINE LLP

**VENUE**

5.    Venue lies in the United States District Court in and for the Northern District of California, under 28 U.S.C. §§ 1391(a) and 1441(a), because this District Court is the federal judicial district embracing the Marin County Superior Court, where the suit was originally filed, 28 U.S.C. § 84(a).  Ms. Gonzales also alleges she was injured in this district.

**INTRADISTRICT ASSIGNMENT**

6.    Because the suit was originally filed in Marin Superior Court, either San Francisco or Oakland would be the proper division or location for the matter pursuant to the United States District Court, Northern District of California Civil Local Rules 3-2(e) and 3-5(b).

**FEDERAL JURISDICTION UNDER 28 U.S.C. § 1332**

7.    This Court has original jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the suit is between a citizen of California and foreign business entities.

**The Complaint Meets the Amount in Controversy Requirement**

8.    The amount in controversy exceeds $75,000.00 because Ms. Gonzales's Complaint seeks to set aside the foreclosure sale on real property located at 36 Rustic Way, San Rafael, California 94901 in addition to money damages in an unspecified amount.  Compl. ¶¶ 29, 54-65, 241-243.  The Ninth Circuit recognizes that in an action involving foreclosure, the amount in controversy is measured by the entire value of the real property at issue.  *See Chapman v. Deutsche Bank* Nat'l *Trust Co.*, 651 F.3d 1039, 1045 n.2 (9th Cir. 2011); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839 (9th Cir. 2002) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation") (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)); *see also Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973) (finding that the amount in controversy in an action to enjoin a foreclosure sale is value of the real property at issue); *Reyes v. Wells Fargo Bank, N.A.*, 2010 WL 2629785, *4-5 (N.D. Cal. 2010) (finding amount-in-controversy requirement met where plaintiffs sought injunctive relief preventing bank from foreclosing and the value of property exceeded $75,000).  Her exhibits

DAVIS WRIGHT TREMAINE LLP

show that Chase purchased the property for $1,030,100.00.  Compl. Ex. 9.  She alleges that her loan was $600,000.  Compl. ¶ 32.  The Notice of Default also indicated she was in default on her loan in the amount of $444,292.88.  Compl. Ex. 7.  The Notice of Trustee's Sale indicates that the total amount due and owing as of February 2019 was $920,435.46.  Compl. Ex. 8.  Ms. Gonzales seeks damages in excess of $7.2 million.

**The Complaint Meets the Diverse Citizenship Requirement**

9. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983).  Further, a party's residence is "prima facie" evidence of domicile. *See State Farm Mut. Auto. Ins. Co. v. Dyer,* 19 F.3d 514, 520 (10th Cir. 1994).  Ms. Gonzales alleges she is a resident of Marin County in California, making her a California citizen.  Compl. ¶ 1.

10. For purposes of diversity jurisdiction under 28 U.S.C. §§ 1332 and 1348, a national banking association is a citizen of the state in which its office identified in its articles of association is located. *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 318 (2006) (rejecting argument that national banking association is a citizen of every state in which it operates).

11. Chase is a national banking association, organized under the laws of the United States, with its main office in Columbus, Ohio.

12. Defendant U.S. Bank, N.A. is a national banking association, organized under the laws of the United States, with its main office in Cincinnati, OH.

13. Defendant Wells Fargo Bank. N.A. is a national banking association, organized under the laws of the United States, with its main office in Sioux Falls, SD.

14. Northwest Trustee Services, Inc. was a Washington corporation.  It is defunct.

15. Quality Loan Service Corporation ("Quality"), a California corporation, is a non-monetary defendant and Ms. Gonzales only names it in the Complaint because it was the foreclosure trustee and foreclosed as a trustee.  Ms. Gonzales does not seek specific relief against Quality, and it has no interest in this case's outcome, making it a nominal defendant.  As a nominal defendant Quality's location is irrelevant to the diversity analysis. *See* 13E C. Wright, A. Miller, & E. Cooper, *Fed. Prac. & Proc*. § 3606, p. 231 (3d ed. 2009) (in determining

diversity, "the citizenship of nominal or formal parties who have no interest in the action will be ignored; if the real controversy is between citizens of different states, the court has subject matter jurisdiction."). *See also Strotek Corp. v. Air Transport Ass'n of Am.*, 300 F.3d 1129, 1133 (9th Cir. 2002) (nominal party disregarded in diversity jurisdiction analysis); *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc*., 204 F.3d 867, 873 (9th Cir. 2000) ("We will ignore the citizenship of nominal or formal parties who have no interest in the action."). If a trustee "has no interest in the outcome of [the] litigation," the trustee "is a nominal defendant," and "its citizenship is not considered for the purpose of establishing diversity jurisdiction." *Prasad v. Wells Fargo Bank, N.A.*, 2011 WL 4074300, *3 (W.D. Wash. 2011). Indeed, courts have called trustees "***the paradigmatic nominal defendant[s]***," which "[are] not considered for the purpose of establishing diversity jurisdiction" particularly where a trustee is joined "merely because he occupies the position pursuant to a deed of trust." *Prasad,* 2011 WL 4074300, at *2-*3 (emphasis added), *quoting SEC v. Cherif*, 933 F.2d 403, 414 (7th Cir. 1991) (noting that "most courts that have considered the issue of whether a trustee under a deed of trust is a nominal defendant in an action challenging foreclosure… have taken the position advanced by [the lender]", *i.e*., that the trustee is nominal). Courts have found that Quality is a nominal defendant on similar allegations. "The Borutas fail to allege any facts that show that Quality acted with malice and Quality's actions are privileged under California Civil Code sections 47 and 2924(d). This renders Quality a nominal defendant and irrelevant to the diversity of citizenship between the parties." *Boruta v. JPMorgan Chase Bank, N.A.*, 2019 WL 4010367, *5 (N.D. Cal. 2019).

16. Defendant Juliet Bernal is Quality's employee and her only involvement was to sign the Trustee's Deed Upon Sale. Compl. ¶¶ 9, 211. Her involvement is nominal and solely as an employee of Quality, another nominal defendant.

17. For removal purposes, diversity must exist both at the time the action was commenced in state court and at the time of removal. *See Strotek Corp. v. Air Transport Ass'n of America*, 300 F.3d 1129, 1131 (9th Cir. 2002). As set forth above, pursuant to the allegations of the Complaint, diversity existed at the time Ms. Gonzales commenced the action in state court and there is complete diversity as of the time of the instant removal.

18. Chase will concurrently file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of Marin and will serve it on Ms. Gonzales contemporaneously. Chase will serve Ms. Gonzales with copies of this Notice of Removal and the notice filed in State Court. A true and correct copy of written notice that Chase will file with the Clerk of the Superior Court and Ms. Gonzales is attached hereto as **Exhibit B**.

19. The process, pleadings, or orders received or served by, or otherwise found in the State Action court file and available to Chase at the time of the filing of this removal consist of: the Summons, Complaint, Notice and Acknowledgment of Receipt, Proof of Service of Summons, Statement of Damages, Alternative Dispute Resolution Information Notice, Notice of Case Management Conference, and Motion to Consolidate Cases, which are attached hereto as **Exhibit A**.

20. Chase has good and sufficient defenses to this action, and do not waive any defenses, jurisdictional or otherwise, by the filing of this notice.

21. The removal of this action terminates all potential proceedings in Marin County Superior Court. *See* 28 U.S.C. § 1446(d). Based on the foregoing, Chase hereby removes this action from the Marin County Superior Court to this Court, and request that further proceedings be conducted in this Court as provided for by law.

DATED: August 7, 2020

Respectfully submitted,
DAVIS WRIGHT TREMAINE LLP

By: */s/Joseph E. Addiego III*
Joseph E. Addiego III
Frederick A. Haist

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A./s/