*Not For Publication*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA ANN GONZALES,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A., ET AL.,<br><br>Defendants. | Case No.  4:20-cv-05494-YGR<br><br>**ORDER DENYING MOTION TO REMAND AND GRANTING MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 7, 11, 18 |

Plaintiff Veronica Ann Gonzales brings several claims against defendants JP Morgan Chase Bank N.A. ("Chase Bank"), U.S. Bank National Association ("U.S. Bank"), Wells Fargo Bank N.A. ("Wells Fargo"), Quality Loan Service Corporation, Northwest Trustee Services, Inc., and Juliet Bernal.  Ms. Gonzales brings several causes of action related to a prior foreclosure including: (1) negligent misrepresentation; (2) intentional misrepresentation; (3) breach of contract; (4) cancellation of instruments and declaratory relief; (5) wrongful foreclosure; (6) conversion; and (7) quiet title.

Now before the Court are defendants Wells Fargo, Chase Bank, and U.S. Bank's motions to dismiss (Dkt. Nos. 7, 11), as well as Ms. Gonzales' motion to remand.  (Dkt. No. 18.)  The moving defendants oppose Ms. Gonzales' motion to remand, but, notably, Ms. Gonzales did not file an opposition to the motions to dismiss, despite being previously explicitly warned to do so.[1]

---

[1] This matter was previously assigned to Magistrate Judge Kandis A. Westmore. Magistrate Judge Westmore had issued an order to show cause when Ms. Gonzales failed to respond to the motions to dismiss, and both explaining and warning Ms. Gonzales that a failure to respond to the pending motions to dismiss would be construed as her non-opposition. (Dkt. No. 15.)  Instead, outside of the deadline to file an opposition set by Magistrate Judge Westmore, Ms. Gonzales instead filed a separate motion to remand, arguing that there was a lack of subject matter jurisdiction, and that the case should be remanded back to California state court.  (Dkt. No. 18; *see also* Dkt. No. 20 (discharging order to show cause and reassigned to a district court judge in light of Ms. Gonzales' jurisdictional arguments and that Ms. Gonzales' had not indicated whether she consented to proceed under a magistrate judge).)

The Court determined that this matter was suitable for resolution on the papers and vacated oral argument on these motions. (Dkt. No. 30.)

Having carefully considered the briefing and arguments submitted in this matter, in light of the lack of opposition filed to the motions to dismiss, and for the reasons set forth below, the motion to remand is **DENIED** and the motions to dismiss is **GRANTED**.[2]

Motion to Remand. As an initial hurdle facing Ms. Gonzales, a motion to remand must be filed within thirty (30) days from the date of removal. *See* 28 U.S.C. § 1447(c); *Maniar v. F.D.I.C.*, 979 F.2d 782, 785 (9th Cir. 1992). Here, the case was removed on August 7, 2020 and, thus, the last day to timely file a motion to remand was September 7, 2020. Ms. Gonzales instead filed her motion to remand more than ten (10) days after this deadline on September 18, 2020. The motion is appropriately denied on this ground alone.

The motion itself fares no better even considering the arguments therein. Subject matter jurisdiction here is premised on diversity jurisdiction, which factored in that Ms. Gonzales is domiciled in and a citizen of the state of California. Ms. Gonzales does not demonstrate that this calculus is incorrect.[3] Indeed, Ms. Gonzales does not challenge that the defendants are sufficiently diverse,[4] nor does she contest the amount-in-controversy requirement. Rather, Ms. Gonzales

---

[2] The Court assumes a reader's familiarity with the allegations in the operative complaint. The Court otherwise **GRANTS** defendants' requests for judicial notice, which requests that the court take judicial notice of public documents and documents from other court proceedings. *See MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (stating that a court "may take judicial notice of matters of public record outside the pleadings"); *Gilbrook v. City of Westminster*, 177 F.3d 839, 858 (9th Cir. 1999) (courts "may presume that public records are authentic and trustworthy"); *See United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004) (taking judicial notice of documents from other court proceedings).

[3] Ms. Gonzales admits that she lives in California in the motion to remand. (*See* Dkt. No. 18 at 2.) The record generally reflects that Ms. Gonzales has otherwise lived and continues to live in Marin County, as reflected by the filings in this matter, as well as in several related and recent bankruptcies.

[4] The Court notes that Ms. Gonzales does not challenge defendants' arguments made both in the removal and the briefing that Quality Loan Service Corporation, a California citizen and the substituted trustee under the deed of trust, was fraudulently joined. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) ("[F]raudulently joined defendants will not defeat removal on diversity grounds.").

makes several frivolous arguments that she is a citizen of the state of the "People of the California Republic," that she does not reside in "federal territory," that she does not consent to the Court's purported limited jurisdiction, and refuses to comply with any and all orders issued by this federal Court. These arguments are wholly without merit where California has been a state that has been part of the United States of America since 1850. *See San Francisco Baykeeper, Inc. v. State Lands Com.*, 242 Cal. App. 4th 202, 232 (2015); *United States v. 32.42 Acres of Land, More or Less, Located in San Diego Cnty., Cal.*, 683 F.3d 1030, 1033 (9th Cir. 2012) ("In 1850, the State of California acquired this land as an attribute of its sovereignty upon admission to the Union").[5]

Accordingly, for the foregoing reasons and grounds, the Court **DENIES** the motion to remand the matter back to California state court.

Motions to Dismiss. Defendants move on several grounds to dismiss the complaint with prejudice, including: (1) "res judicata," more accurately claim preclusion; (2) time-barred; and (3) failure to state a claim.

As an initial matter, the Court notes that the granting of the motions to dismiss is appropriate where Ms. Gonzales did not file an opposition, especially where Ms. Gonzales was explicitly warned to do so and apprised of the consequences for her failure to oppose the motions. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (affirming order of dismissal for plaintiff's failure to comply with local rule requiring opposition to motion to dismiss). Thus, the motions to dismiss are appropriately granted on this basis alone.

Even considering the underlying substance of the motions confirms that dismissal with prejudice is warranted here. Indeed, Ms. Gonzales has maintained several identical prior lawsuits on these exact issues against the same parties (Wells Fargo, U.S. Bank), or parties in privity with these prior parties (Chase Bank). Specifically, former actions in 2014 and 2016 were commenced and then later dismissed *with prejudice* by Ms. Gonzales based on the substantively same

---

[5] Ms. Gonzales' arguments about improper venue, that the District of Columbia is the appropriate venue for this matter instead of this federal district, also rely on a tortured reading of several different federal statutes and is further premised on this fundamental misunderstanding that California is a sovereign apart from the United States of America. The Court summarily rejects these arguments.

3

operative facts as brought again by Ms. Gonzales in this lawsuit.  The test for claim preclusion is easily satisfied in this instance.  *See Colombo v. Kinkle, Rodiger & Spriggs*, 35 Cal. App. 5th 407, 416 (2019) (claim preclusion (res judicata) applies when "(1) the decision in the prior proceeding is final and on the merits; (2) the present proceeding is on the same cause of action as the prior proceeding; and (3) the parties in the present proceeding or parties in privity with them were parties to the prior proceeding"); *see also Fed. Home Loan Bank of San Francisco v. Countrywide Fin. Corp.*, 214 Cal. App. 4th 1520, 1527 (2013) ("Dismissal with prejudice is determinative of the issues in the action and precludes the dismissing party from litigating those issues again."); *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982) ("Under federal law, appellant does not avoid the bar of res judicata merely because he now alleges conduct by [defendant] not alleged in his prior suit, nor because he has pleaded a new legal theory.").[6]

Accordingly, for the foregoing reasons and grounds, the Court **GRANTS** the motions to dismiss with prejudice.

Conclusion.  For the foregoing reasons, the Court **DENIES** the motion to remand and **GRANTS** the motions to dismiss.  This action is **DISMISSED WITH PREJUDICE**.  The Clerk of the Court is directed to close this matter.

This Order terminates Docket Numbers 7, 11, and 18.

**IT IS SO ORDERED.**

Dated: March 22, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**

---

[6] The Court declines to specifically consider defendants' remaining arguments for dismissal with prejudice, but notes that these articulate otherwise persuasive alternative grounds for dismissal with prejudice.